UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAZZ ANDRE JACKSON,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Defendants. | No. 1:18-cv-00765-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**COURT CLERK TO ASSIGN DISTRICT JUDGE**<br><br>**(Doc. 11)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

**I.    Findings**

**A.  Background**

Plaintiff, Chazz Andre Jackson, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint was screened and dismissed with leave to amend. (Docs. 1, 10.) Plaintiff filed a First Amended Complaint ("FAC") on October 31, 2018, which is before the Court for screening. (Doc. 11.) Despite receiving the applicable standards, as discussed below, Plaintiff fails to state a cognizable claim. The undersigned, therefore, recommends dismissing the action.

1

## B. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint must be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a right secured by the Constitution or laws of the United States was violated and (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## C. Summary of the First Amended Complaint

Plaintiff is currently housed at the Kern Valley State Prison. The events underlying his complaint occurred on November 22, 2017, at Wasco State Prison. Plaintiff names Corrections

Officers D. Knight, W. Garcia, and D. Andrade as Defendants and seeks monetary damages.

Plaintiff alleges that on November 22, 2017, he was involved in a "mutual fist fight" with another inmate during the evening meal, when Defendant Knight shot him three times with a "Penn Arms 40 mm Single Shot launcher." (Doc. 11 at 3.) The single shot launcher is classified as a "Less Lethal Weapon" by the California Department of Corrections and Rehabilitation. *Id*. at 4. Plaintiff was hit once on the left buttock, and twice on his upper right arm. *Id*. Petitioner alleges the force used by Defendant Knight "was unnecessary, and not a reasonable choice of force to stop a mutual fist fight when other safer, non-deadly forces were available such as chemical agents." *Id*.

Plaintiff contends Defendants Garcia and Andrade were near the "mutual combat," but did not use chemical agents to stop the fight and did not attempt to stop the fight. *Id*. Plaintiff states that Defendants Garcia and Andrade "did nothing but watch the incident take place, radio the incident in, and later fabricated report[ ]s." *Id.* Plaintiff contends that all three Defendants "had a total disregard for [his] safety." *Id*.

Plaintiff's allegations fail to state a cognizable claim for violation of any constitutional right. As discussed in detail below, Plaintiff was previously given the applicable standards for his cruel and unusual punishment claim and informed of deficiencies in his factual allegations. Plaintiff nonetheless fails to state a cognizable Eighth Amendment claim against Defendants Knight, Garcia, and Andrade for excessive force and failure to intervene. This action should therefore be dismissed.

**D. Pleading Requirements**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds

upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**E. Excessive Force**

Plaintiff does not state a claim against Defendant Knight for use of excessive force in violation of the Eighth Amendment. Plaintiff claims the "force utilized by [Defendant] Knight was unnecessary, and not a reasonable choice of force to stop a mutual fist fight when other safer, non-deadly forces were available such as chemical agents." (Doc. 11 at 4.)

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam); *Hudson v.*

*McMillian*, 503 U.S. 1, 8-9 (1992); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir. 1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir. 1988), *cert. denied*, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D. Iowa 1992) (citations omitted), *aff'd*, 973 F.2d 686 (8th Cir. 1992). "Being violently assaulted in prison is not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citation and quotation marks omitted).

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, factors such as the need for application of force, the relationship between the need and the amount of force use, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response may be considered. *Id*. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id*. Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id*.

In the first screening order, the undersigned determined Plaintiff failed to allege a claim against Defendant Knight for use of excessive force, because Plaintiff admitted he was fighting at the time Officer Knight shot him with the impact launcher. (Doc. 10 at 5, 6.) Plaintiff did not allege Defendant Knight's actions were not a good-faith effort to maintain or restore discipline, or

that there was no basis for Defendant Knight to use force to break up the fight. *Id*. at 6.

In the FAC, Plaintiff alleges the force Defendant Knight used was unreasonable because instead of using the impact launcher, he could have used a chemical agent to stop the fight. (Doc. 11 at 4.) "[O]fficials confronted with a prison disturbance must balance the threat unrest poses to inmates, prison workers, administrators, and visitors against the harm inmates may suffer if guards use force." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Because corrections officers must make decisions "in haste, under pressure, and frequently without the luxury of a second chance," the "question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id*. (quoting *Whitley*, 475 U.S. at 320-21).

Here, as the undersigned found in its first screening order, the force used by Defendant Knight was used in a good faith effort to maintain or restore discipline. Plaintiff admits he was fighting another inmate when Defendant Knight shot him with an impact launcher. Plaintiff contends that Defendant Knight should have used a different type of force, specifically a chemical agent, instead of an impact launcher, to stop the fight. However, the Court must give deference to prison officials "in the adoption and execution of policies and practices that in their judgement are needed to preserve internal order and discipline and to maintain institutional security." *Id*. (quoting *Whitley*, 475 U.S. at 321-22.) Plaintiff admits he was engaged in a fight with another inmate and continued to fight despite being directed to stop by corrections officers. Therefore, Defendant Knight's use of the impact launcher, as opposed to a chemical agent (which Plaintiff apparently would have preferred), does not constitute excessive force. Plaintiff's claim is thus not cognizable under the Eighth Amendment.

**F. Failure to Intervene**

Plaintiff raises a new claim for failure to intervene against Defendants Garcia and Andrade. Plaintiff alleges Defendants Garcia and Andrade were standing near the fight, but "did nothing but watch the incident take place, radio the incident in, and later fabricated" reports. (Doc. 11 at 4.)

The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene, but failed to do so. *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *Cf. Rutherford v. City of Berkeley*, 780 F.2d 1444, 1448 (9th Cir.1986) (reversing directed verdict for three officers where they admitted that they participated in the detaining, arrest and handcuffing of plaintiff, and plaintiff testified that he saw their faces during the beating).

However, a defendant is only liable for failing to intervene when there is an underlying constitutional violation. Failure to intervene is not a separate claim, but rather derives meaning from an underlying violation, such as excessive force. *Taylor v. O'Hanneson*, No. 1:11-cv-00589-LJO-SAB(PC), 2014 WL 7359185, at *13 (E.D. Cal. Dec. 24, 2014) (citing *Lynch v. Barrett*, No. 09-cv-00405-JLK-MEH, 2010 WL 3938359, at *4-5 (D. Colo. June 9, 2010)). Here, as set forth above, Plaintiff has not stated a claim for excessive force; therefore, Plaintiff cannot state a claim for failure to intervene. For these reasons, the undersigned recommends dismissing Plaintiff's failure to intervene claim.

Plaintiff also alleges Defendants Garcia and Andrade fabricated reports against him. (Doc. 11 at 4.) Plaintiff attached one incident report, written by Defendant Knight, to the FAC as Appendix A. *Id.* at 7-8. However, Plaintiff does not dispute any of the facts in the incident report, and instead affirms the facts in the incident report. Plaintiff fails to provide the incident reports he alleges were fabricated and fails to explain what was allegedly fabricated in those reports.

Consequently, Plaintiff has not met his burden of alleging sufficient facts to support a constitutional violation. The FAC also fails to identify the specific constitutional rights Defendants allegedly infringed upon by fabricating incident reports. Accordingly, the FAC does not support a § 1983 claim, and the undersigned recommends dismissing it.

**II.     Conclusion**

Plaintiff's FAC fails to state any cognizable claims. Given that the FAC suffers from the same defects as Plaintiff's original Complaint, it appears futile to allow further amendment. Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is **HEREBY RECOMMENDED** that this entire action be dismissed with prejudice. The Court Clerk is hereby directed to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **March 11, 2019**               /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE